O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEONARD LEVY, | ) | Case No. CV 09-01862 DDP (MANx) |
| Plaintiff, | ) | |
| | ) | **ORDER DISMISSING ACTION FOR LACK** |
| v. | ) | **OF SUBJECT MATTER JURISDICTION** |
| | ) | |
| BC LIFE & HEALTH INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    After reviewing the Plaintiff's Complaint, the Court dismisses the claim *sua sponte* for lack of subject matter jurisdiction.

**I.   BACKGROUND**

    Plaintiff Leonard Levy ("Plaintiff") filed his Complaint on March 18, 2009.  Plaintiff brings suit against her insurer, BC Life & Health Insurance ("Defendant"), based on Defendant's refusal to pay full medical insurance benefits to which Plaintiff is allegedly entitled.  Plaintiff alleges that he underwent treatment for Crohn's disease in August 2007.  Compl. ¶ 7.  Plaintiff alleges that, after surgery, Plaintiff's doctor submitted various bills to Defendant.  Id. at ¶ 8.  Claiming that the full cost of the procedures exceeded the allowable expenses for a healthcare

provider outside Defendant's covered network, Defendant provided only partial payment for the medical procedures therein. Id. at ¶ 8. Plaintiff further alleges that he appealed Defendant's decision with supporting documentation from his physician, and that, on his appeal, Defendant denied the claim for the outstanding payment amount on the basis that the procedures Plaintiff had undergone were not medically necessary and services were available to Plaintiff within Defendant's network. Id. at ¶¶ 10-11. Plaintiff's Complaint purports to allege causes of action based on (1) breach of contract and (2) breach of the duty of good faith and fair dealing.

**II.  DISCUSSION**

Federal courts are courts of limited jurisdiction, and thus a plaintiff's claim must invoke either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Unless a district court has subject matter jurisdiction, it is without power to hear a suit, and a federal court may dismiss *sua sponte* if jurisdiction is lacking. Fielder v. Clark, 714 F.2d 77, 78-79 (9th Cir. 1983). Indeed, Federal Rule of Civil Procedure 12(h)(3) requires a district court to dismiss "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). The plaintiff carries the burden of pleading facts sufficient to allege federal jurisdiction. Bautista v. Pan American World Airlines, 828 F.2d 546, 552 (9th Cir. 1987).

Plaintiff alleges this Court has jurisdiction on the basis of 28 U.S.C. § 1332, the diversity jurisdiction statute. Compl., ¶ 1. Diversity jurisdiction requires that all parties to the action be

1  "citizens of different states," and that the amount in controversy
2  be greater than $75,000.  28 U.S.C. § 1332(a).
3       While Plaintiff alleges that the amount in controversy exceeds
4  $100,000, on its face Plaintiff's Complaint affirmatively pleads a
5  *lack* of diversity of citizenship.  Plaintiff alleges that he is a
6  resident and citizen of California, and that Defendant is a citizen
7  of California as well.  Compl. ¶¶ 3-4.  Moreover, the Complaint
8  does not plead any other basis for federal jurisdiction, as the
9  causes of action pleaded are state law claims.
10      As Plaintiff has not sufficiently alleged facts demonstrating
11 that the parties are completely diverse, or otherwise provided a
12 basis in the pleadings for federal jurisdiction, the Court finds
13 that it does not have jurisdiction over this matter, and dismisses
14 the case.

**III. CONCLUSION**

16      For the foregoing reasons, the Court dismisses Plaintiff's
17 Complaint for lack of subject matter jurisdiction.

19 IT IS SO ORDERED.

21 Dated: June 1, 2009
                                        _____
                                        DEAN D. PREGERSON
                                        United States District Judge